UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,
         Plaintiff,

v.                  5:08-CV-0823
                    (NPM/GHL)
GENERAL INTERIOR SYSTEMS, INC., *et al.*,

         Defendants.
_____

APPEARANCES:            OF COUNSEL:

UNITED STATES DEPARTMENT OF LABOR  JOHN G. CAMPBELL, ESQ.
*Counsel for Plaintiff*
201 Varick Street
New York, NY 10014

GOLDBERG SEGALLA LLP         DAVID E. LEACH, ESQ.
*Counsel for Defendants*
5789 Widewaters Parkway
Syracuse, NY 13214

GEORGE H. LOWE, United States Magistrate Judge

## **ORDER**

   Plaintiff is the Secretary of Labor, United States Department of Labor ("Plaintiff" or "the Secretary"). Defendant General Interior Systems, Inc. ("GIS"), is a construction company located in Liverpool, New York. Defendants Jeffrey T. Mento and Richard Mabbett are officers of GIS. The complaint alleges that the Defendants violated the minimum wage, overtime and record keeping provisions of the Fair Labor Standards Act ("FLSA"). More specifically, the Secretary claims the Defendants "improperly classified [certain of their] workers as 'independent contractors' rather than as employees as a means of not paying the overtime wages required by the FLSA." Dkt. No. 16-2,

at 2.[1]

The workers whose status is at issue performed "dry walling, carpentry, and other construction work on many jobsites in the Northeastern United States." Dkt. No. 16-2, at 2. The Department of Labor obtained statements from many of these workers. During pretrial discovery the Defendants sought production of the statements. Plaintiff refused to produce them, in reliance upon the informant's privilege, the work product privilege, and the deliberative process, investigative files, and attorney client privileges.

The issue was brought to the Court's attention, and Plaintiff was directed to submit a privilege log and supporting papers. The Secretary did so. Dkt. No. 16. Defendants filed opposition papers. Dkt. No. 19. The Court ordered oral argument, an evidentiary hearing, and an *in camera* review of certain of the disputed documents. Dkt. No. 21. The parties made additional submissions. Dkt. Nos. 20 and 22-25.

### A. INFORMANT'S PRIVILEGE

Defendants argue that the Secretary failed to properly invoke the informant's privilege. Dkt. No. 19, at 3-6. The Court disagrees. The privilege was invoked by John McKeon, the Deputy Administrator for Enforcement of the Wage and Hour Division. Dkt. No. 16-5. The Secretary's attorney, who is an officer of this Court, represents that at the time Mr. McKeon invoked the privilege the Administrator position, which is normally filled by Presidential appointment after Senate confirmation, was vacant because of the presidential transition. Dkt. No. 20, at 1. Therefore, pursuant to a delegation of authority reflected in the Federal Register at 74 Fed. Reg. 7478 (February 17, 2009), Mr. McKeon was given the authority to invoke governmental privileges.

---

[1] Page numbers refer to the page numbers assigned by the Court's electronic filing system.

Dkt. No. 20, at 2.

Defendants also argue that the delegation of authority to Mr. McKeon was not proper because he was not provided with guidelines setting forth the standards by which he should determine whether to invoke the privileges. Dkt. No. 19, at 5. This "guideline requirement is indispensable." *Martin v. Albany Business Journal, Inc.*, 780 F. Supp. 927, 935 (N.D.N.Y. 1992). Defendants made this argument in their opposition memorandum but it was not until *after oral argument* that the Secretary produced the guidelines. Dkt. No. 24. The Court finds this frustrating but not sanctionable, and accepts the late filing. The Court also finds that Mr. McKeon adequately followed the guidelines.

However, even though the informant's privilege was properly invoked here, whether the Court should uphold it requires a "balanc[ing of] the parties' respective interests." *Martin*, 780 F. Supp. at 937. The Secretary argued in her moving memorandum of law that the Defendants did not need the statements at issue because "Defendants are able to interview and/or depose any of their current or former employees and have an even greater access to their records and employment policies than Plaintiff does." Dkt. No. 16-2, at 4. However, Mr. Mento, the founder and president of GIS, stated as follows in an affidavit:

> 5. I personally reviewed the list of alleged employees attached to Plaintiffs Complaint and I estimate that approximately 250 of the workers were individuals provided to us by the labor leasing agencies. The rest are individual subcontractors or contractors that have their own workers. The labor agency we used primarily was Construction Personnel Services, Inc., 129 Allen Street, Kernersville, North Carolina 27284. It is owned by Hobart Carver. He also did or does business as Dry Wall Resources, Ltd.*,* 1326 Ashley Square, Winston-Salem, North Carolina 27103.
>
> 6. GIS does not maintain contact information for the workers provided by the leasing agencies or contractor employees. We do not know where they currently live, not [sic] do we know how to get in touch with them. GIS has contract [sic]

information for approximately 10% of the individuals listed by plaintiff.

7.    The cost to locate these individuals, and then bring them to Syracuse so that they could provide statements or deposition testimony would be prohibitive.  We would have to pay for their transportation, meals and lodging.  In addition, we would incur attorney's fees, witness fees and costs for transcripts once they were here.

Dkt. No. 19-2, at 2.[2]  The Court directed that Mr. Mento was to be present during oral argument, "to be available to testify on the issues raised in his Affidavit." Dkt. No. 21, at 2.  He appeared, but the Secretary explicitly declined the opportunity to cross examine him.

Given Mr. Mento's compelling statements, which the Secretary apparently does not dispute, the Court finds that the Defendants' interests decidedly outweigh the policy underlying the informant's privilege.  Therefore, the Secretary's invocation of this privilege, albeit proper, is rejected, and the Secretary cannot withhold the workers' statements based upon it.[3]

B.  WORK PRODUCT PRIVILEGE

The Secretary contends that certain materials prepared by attorney John G. Campbell and by Investigator Daniel Weeks are protected from disclosure by the work product privilege.  Dkt. No. 16-2, at 9-11.  Assuming *arguendo* that this contention has merit, the privilege is overcome if the party seeking disclosure can show that "it has substantial need of the materials and an inability, without undue hardship, to obtain the substantial equivalent of the materials by other means." *Brock v. Frank V. Panzarino, Inc.*, 109 F.R.D. 157, 159 (E.D.N.Y. 1986), which the Secretary relies

---

[2]  At oral argument GIS' counsel stated that over one million dollars and the company's viability were at stake in this litigation.

[3]  Most of the entries on much of the materials purportedly subject to the informant's privilege are so cryptic that deletion of identifying data would make them virtually meaningless.  For this reason, and in light of Mr. Mento's affidavit, the Secretary is to produce the materials in unredacted form.

upon. Dkt. No. 16-2, at 10. "The trial court has wide discretion in determining the existence of substantial need and undue hardship." *Brock*, 109 F.R.D. at 159, n.4. Here, for the undisputed reasons stated in Mr. Mento's affidavit, the Court finds that the Defendants have sufficiently established a substantial need and undue hardship.

Although definitive analysis of this point is unnecessary, the Court notes its doubts as to whether the Secretary established that the materials generated by Investigator Weeks were prepared "in anticipation of litigation." Fed. R. Civ. P. 26(b)(3). In their opposition memorandum the Defendants questioned whether the materials were prepared "in anticipation of litigation." Dkt. No. 19, at 8-9. The Court ordered an evidentiary hearing on the issue:

> On that occasion the Court also will hold an evidentiary hearing to address whether the documents at issue were prepared in anticipation of litigation. Since Plaintiff has the burden on this issue, the Court will leave to Plaintiff's counsel the determination of who should testify at the hearing.

Dkt. No. 21, at 1-2. The Secretary did not present any evidence at the hearing, and therefore she presumably did not carry her burden.[4]

With regard to the materials apparently prepared by Attorney Campbell (identified as numbers 111 and 112 on the Secretary's privilege log (Dkt. No. 16-3, at 13)) the Court accepts that these were prepared in anticipation of litigation. However, again for the compelling and undisputed reasons stated in Mr. Mento's affidavit, the privilege has been overcome.

---

[4] The Secretary argued in her moving memorandum that "[t]hese types of FLSA investigatory activities, and the documents and statements they generate, are routinely deemed by the courts to be prepared in anticipation of litigation and protected by the work product privilege." Dkt. No. 16-2, at 10. However, one of the cases cited by the Secretary in support of this proposition notes that "such holdings generally are fact-specific and conclusory." *McLaughlin v. Miles Laboratories, Inc.*, 124 F.R.D. 629, 630 (N.D. Ind. 1988). By not presenting any evidence the Secretary prevented this Court from ascertaining the specific facts and drawing conclusions.

## C. DELIBERATIVE PROCESS, INVESTIGATIVE FILES, AND ATTORNEY-CLIENT PRIVILEGES

The parties have described these privileges in their submissions. Dkt. No. 16-2, at 11-15, and Dkt. No. 19, at 10-11. The Court has conducted an *in camera* review of all of the materials that the Secretary claims are subject to one or more of these privileges. The Secretary need not provide Defendants with the materials referred to in the privilege log as numbers 1-6 and 101-110.

Accordingly, it is

ORDERED, that on or before October 7, 2009, the Secretary is to provide Defendants with copies of all materials referred to in the privilege log except numbers 1-6 and 101-110; and it is further

ORDERED, that the discovery deadline is extended through December 28, 2009; and it is further

ORDERED, that a telephone conference call is scheduled for October 19, 2009, at 11:30 a.m. The purpose of this call is to discuss in detail a schedule for the completion of discovery. Plaintiff's counsel is to initiate the call using AT&T or any teleconference service and should call the chambers of Magistrate Judge George H. Lowe at (315) 234-8618, a dedicated conference line that may not be used for other purposes.

Dated: September 28, 2009
       Syracuse, New York

George H. Lowe
United States Magistrate Judge