UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HILDA L. SOLIS, *Secretary of Labor*,
*United States Department of Labor,*

                              Plaintiff,

      -v.-                                              5:08-CV-0823
                                                              (NPM/ATB)

GENERAL INTERIOR SYSTEMS, INC.;
JEFFERY T. MENTO, *Individually, and
as President;* and Richard Mabbett,
*individually, and as Vice President,*

                              Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| U.S. DEPARTMENT OF LABOR<br> Office of the Solicitor<br>Attorneys for Plaintiff<br>201 Varick Street<br>New York, NY 10014 | PATRICIA M. RODENHAUSEN, ESQ.<br>EVAN R. BAROUH, ESQ.<br>JEFFREY H. RUZAL, ESQ.<br>JOHN G. CAMPBELL, ESQ. |
| GOLDBERG SEGALLA LLP<br>Attorneys for Defendants<br>5789 Widewaters Parkway<br>Syracuse, NY 13214 | DAVID E. LEACH, ESQ. |

Neal P. McCurn, Senior District Judge

                      ***MEMORANDUM-DECISION and ORDER***

### *I.  Introduction*

     Currently before the court in this Fair Labor Standards Act case are motions

for partial summary judgment by plaintiff, Hilda L. Solis, Secretary of Labor for the United States Department of Labor ("the Secretary," or "Plaintiff") and defendants, General Interior Systems, Inc. ("GIS"); Jeffery T. Mento, President ("Mento"); and Richard Mabbett, Vice President ("Mabbett").  Both motions are fully briefed and are decided on the submitted papers only, without oral argument.

In her complaint, the Secretary seeks injunctive and monetary relief against Defendants regarding alleged unpaid overtime violations of the Fair Labor Standards Act ("FLSA" or "the Act").  See 29 U.S.C. §§ 201, et seq.  By her motion for partial summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, the Secretary seeks an order that (1) defendant GIS is an "enterprise" that is "engaged in commerce" for the purposes of the FLSA; (2) defendant Mento is an "employer" within the meaning of the Act; and (3) certain individuals who performed work for GIS who were mis-classified by Defendants as subcontractors are actually "employees" of GIS within the meaning of the Act. Also, by her motion, the Secretary withdraws Mabbett as a defendant to this action.  Defendants oppose the Secretary's motion only insofar as they argue that there are questions of fact regarding the status of the workers as employees or independent contractors, precluding summary judgment as to that issue.

By their motion for partial summary judgment pursuant to Rule 56(a), Defendants seek an order (1) dismissing the action against defendant Mabbett; (2) dismissing certain claims that accrued more than two years before this action was commenced; and (3) dismissing certain claims for liquidated damages.  Plaintiff opposes so much of the motion that seeks dismissal of claims that accrued more than two years prior to the filing of the complaint and dismissing claims for liquidated damages.

2

Because both parties seek the dismissal of Mabbett from this action, the pending motions will be granted in that regard. Further, there having been no opposition to Plaintiff's request for an order that defendant GIS is an "enterprise" that is "engaged in commerce" and that defendant Mento is an "employer" for the purposes of the FLSA, and for the reasons set forth by Plaintiff in her memorandum of law, Plaintiff's motion will be granted in that regard as well.

Accordingly, there are three issues that need to be addressed by the court in deciding the pending motions: (1) whether certain of Defendants' workers may be classified as "employees" covered by the FLSA, as Plaintiff argues, or whether they are independent contractors, as Defendants argue; (2) whether Defendants willfully violated the FLSA, such that the claims in this action are subject to a three-year, as opposed to a two-year, statute of limitations; and (3) whether Defendants acted in good faith and with reasonable grounds to believe their actions or omissions did not violate the FLSA, which is relevant to whether and how much liquidated damages are available to the Secretary on her claims in this action.

## *II.  Legal Standard*

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the initial burden to show the court why it is entitled to summary judgment. See Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir. 2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986)). If the movant meets its burden, the burden shifts to the non-movant to identify evidence in the record that creates a genuine issue of material fact. See id., at 273 (citing Matsushita Elec. Indus. Co., Ltd. v.

3

Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348 (1986)).

When the court is deciding a motion for summary judgment, it must resolve all ambiguities and draw all reasonable inferences in the non-movant's favor. See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598 (1970)). Where, as here, a court is considering multiple motions for summary judgment, each party's motion must be evaluated "on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." Byrne v. Rutledge, 623 F.3d 46, 53 (2d Cir. 2010) (quotation and citation omitted).

### *III.  Factual Background*

GIS is a New York corporation that operates as a construction company located in Liverpool, New York. GIS installs metal stud framing, drywall, acoustical ceilings, and performs carpentry work, including installing doors, hardware, closures, and hinges. Mento is the founder and sole owner and president of GIS. Mabbett, who no longer works for GIS, was an office manager for GIS and held the title of vice president.

The Secretary commenced the present action against Defendants alleging FLSA violations as to approximately 340 individuals whose names are attached to the complaint. See Dkt. No. 1. The parties disagree as to whether some or all of these individuals, who allegedly performed work on GIS projects, were employees covered by the FLSA or instead were independent contractors. Further, many of these individuals were purportedly referred to Defendants from certain labor supply companies, and the parties disagree as to the nature of the agreements and/or relationships between Defendants and these companies.

4

In addition to unpaid overtime compensation for violations beginning three years prior to the commencement of this action, the Secretary seeks liquidated damages as well as injunctive relief.

## *IV. Discussion*

Central to this action is the Secretary's claim that Defendants violated § 216(b) of the FLSA when they failed to pay overtime compensation to certain of their employees for hours worked in excess of a forty-hour work week.

The FLSA prohibits any employer from employing

> any of his employees who in any workweek . . . is employed in an enterprise engaged in commerce . . . for a workweek longer than forty hours . . . unless such employee received compensation for his employment in excess of [forty hours] at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a) (2010). In order to establish an FLSA claim for unpaid overtime, a plaintiff must prove that: (i) he was an employee who was eligible for overtime ( i.e., that he was not exempt from the overtime pay requirements called for under the Act); and (ii) that he actually worked overtime hours for which he was not compensated. See 29 U.S.C. § 207; Barry v. Town of Elma, No. 02-CV-344, 2005 WL 711842, at *2 (W.D.N.Y. Mar. 28, 2005).

By her motion for partial summary judgment, the Secretary seeks, in part, an order that, as a matter of law, defendant GIS is an "enterprise" that is "engaged in commerce" and defendant Mento is an "employer" for the purposes of the FLSA. Defendants do not argue in opposition to the Secretary's motion in this regard. Moreover, the Secretary has satisfied the court that she is entitled to such an order. See Pl.'s Mem. of Law, at 12-16, Dkt. No. 60-1. Accordingly, as a matter of law,

GIS is an "enterprise" that is "engaged in commerce" and defendant Mento is an "employer" for the purposes of the FLSA.

Plaintiff further seeks to withdraw this action as against defendant Mabbett. Likewise, by Defendants' motion for partial summary judgment, they seek, in part, an order that defendant Mabbett is not an "employer" within the meaning of the FLSA and must be dismissed from this action. Therefore, both parties' motions for partial summary judgment are granted to the extent this action is dismissed as against defendant Mabbett. Accordingly, all further references to "Defendants" shall be limited to defendants GIS and Mento.

The remaining three issues to be addressed when deciding the pending motions are discussed as follows.

### A.  "Employee" Under FLSA or Independent Contractor

The Secretary seeks summary judgment in her favor on the first element of her claim for unpaid overtime compensation under the FLSA, which is that the workers who installed drywall for defendant GIS were "employees" within the meaning of the Act. Defendants oppose.

Pursuant to the express terms of the FLSA, an "employee" is "any individual employed by an employer" and the definition of "'[e]mploy' includes to suffer or permit to work." 29 U.S.C. §§ 203(e)(1), 203(g) (2006). These definitions are necessarily broad, "in accordance with the remedial purpose of the FLSA." Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61, 66 (2d Cir. 2003) (citing United States v. Rosenwasser, 323 U.S. 360, 363 & n.3, 65 S. Ct. 295 (1945)).

"An entity 'suffers or permits' an individual to work if, as a matter of 'economic reality,' the entity functions as the individual's employer." Copantitla v. Fiskardo Estiatorio, Inc., No. 09-cv-1608, 2010 WL 1327921, at *5 (S.D.N.Y.

6

Apr. 5, 2010) (quoting Zheng, 355 F.3d at 66 (citing Goldberg v. Whitaker House Coop., Inc., 366 U.S. 28, 33, 81 S. Ct. 933 (1961))). Courts have applied several factors, known as the "economic reality test," to determine whether individuals are "employees" or independent contractors for purposes of the FLSA. See Rosso v. PI Mgmt. Assoc., L.L.C., No. 02-cv-1702, 2005 WL 3535060, at *6 (S.D.N.Y. Dec. 23, 2005) (citing Brock v. Superior Care, Inc., 840 F.2d 1054, 1058-59 (2d Cir.1988)). See also Elwell v. Weiss, No. 03-cv-6121, 2007 WL 2994308, at *5 (W.D.N.Y. Sept. 29, 2007). These factors are:

> (1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business.

Brock, 840 F.2d at 1058-59. Further, when evaluating the degree of control exercised by an employer over its workers, courts in this circuit consider whether the employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Barfield v. New York City Health & Hosp. Corp., 537 F.3d 132, 142 (2d Cir. 2008) (citing Carter v. Dutchess Community College, 735 F.2d 8 (2d Cir. 1984)).

When applying the economic reality test, it is important to be mindful that no single factor is dispositive. Instead, "the test is based on a totality of the circumstances." Id. at 1059. Further, "[t]he ultimate concern is whether, as a matter of economic reality, the workers depend on someone else's business for the opportunity to render service or are in business for themselves." Id. Finally,

"[t]he existence and degree of each factor is a question of fact while the legal conclusion to be drawn from those facts-whether workers are employees or independent contractors-is a question of law." Norwest Financial, Inc. v. Fernandez, 225 F.3d 646 (2d Cir. 2000) (quoting Brock, 840 F.2d at 1059).

In evaluating the factors under the economic reality test, historical findings of fact underlying each factor as well as findings of fact as to the existence and degree of each factor must be made. Only after this fact intensive inquiry may a legal conclusion be drawn regarding whether individuals are "employees" or independent contractors for purposes of the FLSA. See Barfield, 537 F.3d at 143; Zheng, 355 F.3d at 76.

The parties here dispute, by identifying contradictory evidence, or reasonable interpretations of same, virtually each factual conclusion underlying the factors of the economic reality test. Considering the fact intensive nature of the economic reality test, the court is unable to conclude at this time whether, as a matter of law, the individual workers at issue here are employees or independent contractors of Defendants. Accordingly, Plaintiff's motion for partial summary judgment is denied in this regard.

### B. *Willfulness*

A claim for unpaid overtime compensation under the FLSA must be commenced within two years of its accrual, except where it arises out of a willful violation, in which case such a claim may be commenced within three years of its accrual. See 29 U.S.C. § 255(a). As part of their motion for partial summary judgment, Defendants seek an order that they did not willfully violate the FLSA, and therefore, that the applicable statute of limitations in this case is two years, not three years.

A violation of the FLSA is willful when an employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by" the Act. Young v. Cooper Cameron Corp., 586 F.3d 201, 207 (2d Cir. 2009) (quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S. Ct. 1677(1988)). Mere negligence is insufficient. See id. The burden is on the employee to show willfulness. See id. (citing Herman v. RSR Sec. Svcs. Ltd., 172 F.3d 132, 141 (2d Cir.1999)). In this case, Plaintiff, as representative for the employees, bears the burden to show willfulness. In order to prevail on their motion, Defendants bear the burden to show that no genuine factual dispute exists to prevent the court's legal conclusion that they did not willfully violate the FLSA. Defendants may discharge this burden by demonstrating that there is an absence of evidence to support the Plaintiff's case regarding willfulness, an issue on which Plaintiff has the burden of proof. See Williams v. Mount Sinai Medical Center, No. 11-CV-5424, WL 1628105, at *6 -7 (S.D.N.Y. May 8, 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53 (1986)).

Defendants argue that based on their course of dealing with the labor supply company, "Construct Corps.," throughout which it supplied labor to GIS and paid its employees time and a half for any hours worked in excess of forty hours in a workweek, Defendants assumed that the other labor supply companies with which they contracted operated the same way, and therefore, they did not willfully violate the FLSA with respect to the workers supplied by those companies. Plaintiff counters that Defendants have not put forth any evidence "that their actions were not willful." Pl.'s Mem. of Law at 7, Dkt. No. 69. Plaintiff notes that Defendants had different business arrangements with each of their three labor supply contractors, which contradicts Defendants' argument that they assumed each of the

contractors operated the same way.  Plaintiff also notes that defendant GIS actively participated and directed the compensation practices of the two labor supply companies other than Construct Corps., and that the principals of these companies each testified that the workers at issue were not employees of their companies.  Defendants reply that Plaintiff has not established an awareness on the part of Mento or GIS as to the applicability of the FLSA to its workers and that even if those workers were determined to be employees of Defendants, there is no evidence to indicate that Defendants acted with knowledge or reckless disregard of the FLSA's mandates.  Defendants also argue that it is not relevant whether the workers at issue were employees of the labor supply companies or not, because Mento merely paid those companies, and presumed that those companies distributed wages to the workers without any knowledge of whether the workers were being paid overtime.

It is clear that a "passive/reactive approach [on the part of a defendant-employer] will not preclude a plaintiff from seeking a three-year statute of limitations pursuant to a defendant's alleged willfulness." Berrios v. Nicholas Zito Racing Stable, Inc., — F. Supp. 2d —, —, No. 04-CV-22, 2012 WL 1034053, at *16 (E.D.N.Y. Mar. 28, 2012).  A failure to make inquiries into the relevant law or seek legal counsel regarding compliance with the FLSA may be enough to establish willfulness under the Act such that a three year statute of limitations applies.  See id. (citing Difilippo v. Barclays Capital, Inc., 552 F. Supp. 2d 417, 425 (S.D.N.Y. 2008).  Here, Plaintiff has met her burden to identify evidence that a reasonable fact finder could conclude establishes willfulness on behalf of Defendants.  For their part, Defendants counter Plaintiff's evidence with arguments that they presumed or assumed that the law was followed, which does

little to support its motion for partial summary judgment on this issue, and if anything actually supports Plaintiff's case. Nonetheless, the question of willfulness is typically left to the trier of fact. See id. (citing Ramirez v. Rifkin, 568 F. Supp. 2d 262, 268 (E.D.N.Y.2008)). Accordingly, Defendants' motion for partial summary judgment on the issue of willfulness is denied.

### *C. Good Faith*

An employer who violates the FLSA's overtime requirements is liable to its affected employees "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). However, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission" did not violate the FLSA, "the court may, in its sound discretion, award no liquidated damages or award any amount thereof" not to exceed 100% of actual damages. See McLean v. Garage Mgmt. Corp., Nos. 10-CV-3950, 09-CV-9325, 2012 WL 1358739, at *6 (S.D.N.Y. Apr. 19, 2012) (quoting 29 U.S.C. § 260).

As part of their motion for partial summary judgment, Defendants seek an order that, as a matter of law, they acted in good faith with reasonable grounds to believe that they did not violate the FLSA, and therefore, they are not liable for liquidated damages. As the employer, Defendants bear the "difficult" burden of proof as to good faith and reasonableness, "with double damages being the norm and single damages the exception." McClean, 2012 WL 1348597, at *5 (quoting Herman v. RSR Sec. Services Ltd., 172 F.3d 132, 142 (2d Cir. 1999)). In order to meet its burden, the employer "must show that it took active steps to ascertain the dictates of the FLSA and then act to comply with them." Id. (quoting Barfield v.

11

New York City Health and Hospitals Corp., 537 F.3d 132, 150 (2d Cir. 2008)).

Defendants again argue that based on their course of dealing with Construct Corps., throughout which it supplied labor to GIS and paid its employees time and a half for any hours worked in excess of forty hours in a workweek, Defendants assumed that the other labor supply companies with which they contracted operated the same way, and therefore, they acted in good faith with reasonable grounds to believe that no FLSA violation occurred, and accordingly are not liable for liquidated damages.  Plaintiff counters that representatives of the two labor supply companies used by GIS each testified that no one from their respective organizations ever had a conversation with Mento or anyone else from GIS regarding overtime pay for the workers supplied to GIS.[1]  In their reply papers, Defendants argue that Plaintiff fails to cite any admissible evidence in the record that Mento or GIS knew that the other labor supply companies were not paying their workers overtime.

As the party seeking summary judgment on the issue of good faith, Defendants bear the burden to show that no factual dispute exists.  Moreover, at trial, Defendants, as the employer, will bear the burden on the issue of good faith. As previously stated, that burden is a difficult one, requiring Defendants to show that they "took active steps to ascertain the dictates of the FLSA and then act to comply they with them."  McClean, 2012 WL 1348597, at *5.  At the very least, Plaintiff has cited admissible evidence in the record to create a fact question as to what Defendants did or did not do in order to comply with the FLSA.  That is all

---

[1] See Pl.'s Mem. of Law in Opp'n to Defs.' Mot. Summ. J., at 4, Dkt. No. 69, citing Dep. of Hobart Carver, Oct. 21, 2010, 111:13-17, at Ex. 25 to Decl. of Jeffrey H. Ruzal, Esq., Jun. 27, 2011 ("Ruzal Decl."), Dkt. No. 62-10; Dep. of Cesar Castillero, Oct. 18, 2010, 126:2-6, at Ex. 26 to Ruzal Decl., Dkt. No. 62-11.

that is required in order to defeat Defendants' motion for partial summary judgment as to the issue of good faith. Accordingly, whether Defendants acted in good faith with reasonable grounds for believing that their act or omission did not violate the FLSA is a question of fact remaining for resolution at trial.

## *V. Conclusion*

In accordance with the foregoing, it is ORDERED that the motion for partial summary judgment by defendants, General Interior Systems, Inc.; Jeffery T. Mento; and Richard Mabbett, see Dkt. No. 53, is GRANTED in part and DENIED in part; and it is further

ORDERED that the motion for partial summary judgment by plaintiff Hilda L. Solis, Secretary of Labor for the United States Department of Labor, see Dkt. No. 60, is GRANTED in part and DENIED in part; and it is further

ORDERED all claims as against defendant Richard Mabbett are DISMISSED with prejudice.

Remaining for resolution at trial are the issues of (1) whether certain of Defendants' workers may be classified as "employees" covered by the FLSA, as Plaintiff argues, or whether they are independent contractors, as Defendants argue; (2) whether Defendants willfully violated the FLSA, such that the claims in this action are subject to a three-year, as opposed to a two-year, statute of limitations; and (3) whether Defendants acted in good faith and with reasonable grounds to believe their actions or omissions did not violate the FLSA, which is relevant to whether and how much liquidated damages are available to the Secretary on her claims in this action.

The parties are strongly encouraged, however, to negotiate a settlement agreement regarding the remaining issues to be tried, and shall report their

progress to the court in said negotiations no later than thirty days from the date of filing of this order.

    IT IS SO ORDERED.

DATED:    June 1, 2012
               Syracuse, New York

                                                Neal P. McCurn
                                                Senior U.S. District Judge